900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley John SIMMONS, Jr., Defendant-Appellant.
 No. 89-5553.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1989.
Decided: April 2, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-87-16-C; CR-87-17-C)
 Wayne Eads, Raleigh, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Upon a plea of guilty, the appellant, Stanley John Simmons, was convicted of participating in a scheme to market and sell bogus university degrees, in violation of 18 U.S.C. Sec. 371, and mail and wire fraud in violation of 18 U.S.C. Secs. 1341 and 1343. Before he entered into this plea agreement, appellant's motion to dismiss the indictment against him was denied by the district court. Appellant now contends, inter alia, that this denial was error and requires reversal of his conviction. We disagree and affirm.
 
 I.
 
 2
 An undercover investigation by a special agent of the Federal Bureau of Investigation resulted in the following findings. The appellant was, at various times, involved in operations known as American National University ("ANU"), North American University ("NAU"), and Southwestern University ("SWU"). These operations were all fronts for a fraudulent diploma scheme, commonly referred to as "dipscam," whereby diplomas, transcripts, and class rings were issued based solely on a person's ability to pay for them. As "director of recruitment" of AMU, the appellant was responsible for the award of approximately 150 bogus degrees, and for NAU, the appellant awarded some 33 degrees.
 
 
 3
 Although there is some discrepancy as to exactly how much the appellant earned from these schemes, the evidence is clear that each was extremely lucrative, resulting in a gross profit of between $400,000 and $650,000.
 
 
 4
 The appellant's principal contention in this case is that the district court erred in denying his motion to dismiss the indictment, which, he contends, runs afoul of the Supreme Court's ruling in McNally v. United States, 483 U.S. 350 (1987). In McNally, the Court held that the mail fraud statute, 18 U.S.C. Sec. 1341, covers only schemes aimed at defrauding an individual of property.* Intangible, non-proprietary rights, such as the right to good and honest government, or the right to faithful service, are not protected by the statute.
 
 
 5
 After a review of the indictment, we are satisfied that it did charge that the appellant defrauded the public of property. The indictment charged that the appellant was a willing participant in a scheme to defraud individuals of tuition money in return for diplomas of no value. The indictment further charged that as a result of such a scheme, employers and the public alike were deprived of properly trained individuals when jobs were secured through use of the bonus diplomas. We do not believe that either of these interests is too ethereal to fall without the mail fraud statute which "had its origin in the desire to protect individual property rights." McNally, supra, at 359 n. 8. Accordingly, we find no error in the district court's refusal to dismiss the indictment.
 
 II.
 
 6
 The appellant makes two further arguments, both of which lack merit. First, appellant argues that his jail sentence of eighteen months violates his right to due process. This argument is a de facto challenge to the government's adherence to a plea agreement with the appellant. At issue is a plea agreement that required the government to advise the district court about the nature, quality and extent of the appellant's cooperation in the government's further investigation into the magnitude of these diploma-mill operations. Our review of the record persuades us that the government fully performed its obligations under this agreement, rendering the appellant's due process argument without force.
 
 
 7
 Finally, the appellant argues that his sentence was entered without a sufficient factual basis to support a conviction. Specifically, the appellant argues that the district court should not have accepted his plea of guilty because the indictment failed to allege an essential element of the crime charged: specific intent. Neither the mail fraud nor the wire fraud statute requires that the government allege or prove with particularity specific intent, for proof of this element of the offense is satisfied by "the existence of a scheme which was 'reasonably calculated to deceive persons of ordinary prudence and comprehension,' and this intention is shown by examining the scheme itself." United States v. Green, 745 F.2d 1205, 1207 (9th Cir.1984), (quoting United States v. Bohonus, 628 F.2d 1167, 1172 (9th Cir.), cert. denied, 447 U.S. 928 (1980)).
 
 
 8
 In the record before us, there is a plenitude of evidence to support a factual basis upon which to predicate the instant prosecution. For example, the appellant was directly responsible for issuing hundreds of bogus diplomas having the seal of fictitious institutions. Further, the appellant arranged for such diplomas to be notarized, giving them the further appearance of authenticity and viability in the market place. From such facts prosecution under both the mail fraud and wire fraud statutes was proper. The natural inference to be gleaned from the above-noted acts is that the appellant fully intended to profit from the sale of these bogus diplomas that were reasonably calculated to help secure jobs for their holders through the false representation that they were college graduates.
 
 The judgment of conviction is accordingly
 
 9
 AFFIRMED.
 
 
 
 *
 We note that McNally applies to the deprivation of all property rights with equal force, and does not limit the scope of Section 1341 to tangible as distinguished from intangible property. See Carpenter v. United States, 484 U.S. 19, 25 (1987)
 Further, the mail and wire fraud statutes share the same language in relevant part, and, accordingly, we apply the same analysis to both offenses here. Id. at 25 n. 6.